**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF TEXAS**

**MARSHALL DIVISION**

| | |
|---|---|
| SEMCON IP INC., | Case No. 2:16-cv-00437-JRG-RSP |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| HHUAWEI DEVICE USA INC.,<br>HUAWEI TECHNOLOGIES USA INC.,<br>and<br>HUAWEI TECHNOLOGIES CO., LTD., | |
| Defendants. | |

**ANSWER OF DEFENDANTS HUAWEI DEVICE USA INC., HUAWEI TECHNOLOGIES USA INC., AND HUAWEI TECHNOLOGIES CO., LTD., TO COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Huawei Device USA Inc., Huawei Technologies USA Inc., and Huawei Technologies Co., LTD., (collectively, "Defendants" or "Huawei") hereby respond to Semcon IP Inc.'s ("Semcon" or "Plaintiff") Complaint for Patent Infringement, dated April 25, 2016 ("Complaint"). Huawei expressly denies all allegations in the Complaint that are not specifically admitted below.

**THE PARTIES**

1.      Huawei lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and on that basis, denies them.

1

2.       Huawei Device Inc. admits that Huawei Device Inc. is a Texas Corporation with a place of business at 5700 Tennyson Parkway, Suite 600, Plano, Texas 75024.  Except as expressly admitted, Huawei denies the allegations in Paragraph 2.

3.       Huawei Technologies USA, Inc., admits that Huawei Technologies USA, Inc., is a Texas Corporation with a place of business at 5700 Tennyson Parkway, Suite 500 Plano, Texas 75024 and may be served with process though CT Corporation System, 1999 Bryan St., Suite 900, Dallas Texas 75201. Except as expressly admitted, Huawei denies the allegations in Paragraph 3.

4.       Huawei Technologies Co., Ltd. admits that it is a Chinese Corporation with a place of business in Shenzhen, China.  Except as expressly admitted, Huawei denies the allegations in Paragraph 4.

## JURISDICTION

5.       Huawei admits that the Complaint purports to contain an action for patent infringement, and that this Court has jurisdiction over actions under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*.  Except as expressly admitted, Huawei denies the allegations in paragraph 5.

6.       Huawei denies that this Court has personal jurisdiction over Defendants. Huawei denies that it has committed any acts of infringement.  Except as expressly admitted, Huawei denies the allegations in paragraph 6.

7.       Huawei denies that venue is proper in this district or that defendants are subject to personal jurisdiction in this district.  Huawei denies that it has committed any acts of infringement.  Except as expressly admitted, Huawei denies the allegations in paragraph 7.

**PATENTS-IN-SUIT**

8.      Huawei admits that U.S. Patent No. 7,100,061 ("the '061 patent") is entitled "Adaptive Power Control," and that Exhibit A attached to the Complaint appears to be a copy of the '061 patent.  Except as expressly admitted, Huawei denies the allegations in Paragraph 8.

9.      Huawei admits that Exhibit B attached to the Complaint appears to be a copy of U.S. Patent No 7,596,708.  Except as expressly admitted, Huawei denies the allegations in Paragraph 9.

10.      Huawei admits that U.S. Patent No. 8,566,627 ("the '627 patent") is entitled "Adaptive Power Control," and that Exhibit C attached to the Complaint appears to be a copy of the '627 patent.   Except as expressly admitted, Huawei denies the allegations in Paragraph 10.

11.      Huawei admits that U.S. Patent No. 8,806,247 ("the '247 patent") is entitled "Adaptive Power Control," and that Exhibit D attached to the Complaint appears to be a copy of the '247 patent.  Except as expressly admitted, Huawei denies the allegations in Paragraph 11.

12.      Huawei lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and on that basis denies them.  Except as expressly admitted, Huawei denies the allegations in Paragraph 12.

**FACTUAL ALLEGATIONS**

13.      Huawei lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and on that basis, denies them.

14.      Huawei lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and on that basis, denies them

15.      Huawei lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and on that basis, denies them

16.      Huawei denies the allegations of Paragraph 16 of Plaintiff's Complaint.

3

## COUNT I
### (Infringement of the '061 Patent)

17.     Huawei incorporates by reference its answers to the allegations set forth in

Paragraphs 1 through 16.

18.     Huawei lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 18, and on that basis, denies them.

19.     Huawei denies the allegations in Paragraph 19.

20.     Huawei denies the allegations in Paragraph 20.

21.     Huawei denies the allegations in Paragraph 21.

22.     Huawei denies the allegations of Paragraph 22.

23.     Huawei denies the allegations in Paragraph 23.

24.     Huawei denies the allegations in Paragraph 24.

## COUNT II
### (Infringement of the '708 Patent)

25.     Huawei incorporates by reference its answers to the allegations set forth in

Paragraphs 1 through 24.

26.     Huawei lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 26, and on that basis, denies them.

27.     Huawei denies the allegations in Paragraph 27.

28.     Huawei denies the allegations in Paragraph 28.

29.     Huawei denies the allegations in Paragraph 29.

30.     Huawei denies the allegations in Paragraph 30.

31.     Huawei denies the allegations in Paragraph 31.

32.     Huawei denies the allegations in Paragraph 32.

**COUNT III**
**(Infringement of the '627 Patent)**

33.      Huawei incorporates by reference its answers to the allegations set forth in

Paragraphs 1 through 32.

34.      Huawei lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 35, and on that basis, denies them.

35.      Huawei denies the allegations in Paragraph 35.

36.      Huawei denies the allegations in Paragraph 36.

37.      Huawei denies the allegations in Paragraph 37.

38.      Huawei denies the allegations in Paragraph 38.

39.      Huawei denies the allegations in Paragraph 39.

40.      Huawei denies the allegations in Paragraph 40.

**COUNT IV**
**(Infringement of the '247 Patent)**

41.      Huawei incorporates by reference its answers to the allegations set forth in

Paragraphs 1 through 40.

42.      Huawei lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 44, and on that basis, denies them.

43.      Huawei denies the allegations in Paragraph 43.

44.      Huawei denies the allegations in Paragraph 44.

45.      Huawei denies the allegations in Paragraph 45.

46.      Huawei denies the allegations in Paragraph 46.

47.      Huawei denies the allegations of Paragraph 47.

48.      Huawei denies the allegations of Paragraph 48.

49.      Huawei denies the allegations of Paragraph 49.

5

## JURY DEMAND

50.     Plaintiff's demand for a jury trial requires no response from Huawei.

## PRAYER FOR RELIEF

51.     Huawei denies that Plaintiff is entitled to any relief whatsoever, either as prayed for in its Complaint or otherwise.

## AFFIRMATIVE DEFENSES

52.     Huawei asserts the following defenses, without assuming the burden of proof when such burden would otherwise be on the Plaintiff, to the allegations in the Complaint. Huawei reserves the right to amend its answer, including asserting additional defenses.

## FIRST DEFENSE
### (Non-Infringement)

53.     Semcon is not entitled to any relief against Huawei because Huawei does not infringe and has not infringed, either directly, jointly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the patents-in-suit, either literally or under the doctrine of equivalents, willfully or otherwise.

## SECOND DEFENSE
### (Invalidity)

54.     One or more claims of the patents-in-suit is invalid for failing to meet one or more of the conditions for patentability under Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112, and the applicable provisions of Title 37 of the Code of Federal Regulations.

## THIRD DEFENSE
### (No Injunctive Relief)

55.     Semcon is not entitled to injunctive relief because any alleged injury to Semcon is not immediate or irreparable, and Semcon has an adequate remedy at law for any alleged injury.

6

## FOURTH DEFENSE
### (Limitation on Recovery)

56.     Semcon's claims for relief are barred in whole or in part, including without

limitation by 35 U.S.C. §§ 286 and/or 287.

## FIFTH DEFENSE
### (Preclusion of Costs)

57.     To the extent that any claim of the patents-in-suit is held to be invalid, Semcon

must be precluded from recovering costs related to this action pursuant to 35 U.S.C. § 288.

## SIXTH DEFENSE
### (Prosecution History Estoppel and/or Disclaimer)

58.     By reason of proceedings in the United States Patent and Trademark Office during

prosecution of the patents-in-suit, and specifically statements, arguments, amendments,

assertions, and/or representations made by or on behalf of the applicants for the patents-in-suit,

Semcon is estopped from asserting any construction of the claims of the patents-in-suit that

would cover any product, method, or service of Huawei, and/or is estopped to construe the claims

of the patents-in-suit in any way to cover any product, method, or service of Huawei under the

doctrine of equivalents.

## SEVENTH DEFENSE (License and/or Exhaustion)

59.     To the extent that Semcon's accusations of infringement relate to products or

services that were provided by or for any licensee of the patents-in-suit, whether express or

implied, and/or provided to Huawei by or through a licensee of the patents-in-suit or under a

covenant not to sue, whether express or implied, and/or are otherwise subject to the doctrine of

patent exhaustion, Semcon's claims are barred.

**EIGHTH DEFENSE**
**(No Willful Infringement)**

60.     Semcon has alleged no facts, and Huawei has not engaged in any conduct, that

entitled Semcon to treble damages based on alleged willful infringement.

**NINTH DEFENSE (Government Sales)**

61.     To the extent that Huawei's accused products have been made, used, sold, or

offered for sale to the United States Government, any and all remedies may be had only by action

against the United States pursuant to 28 U.S.C. § 1498.

**TENTH DEFENSE**
**(License, Waiver, Consent, Unclean Hands, Laches and/or Estoppel)**

62.     Semcon's claims of patent infringement against Huawei are barred in whole or in

part by the doctrines of license, waiver, consent, unclean hands, laches and/or estoppel.

**ELEVENTH DEFENSE (Acts of Others)**

63.     The claims made in the Complaint are barred, in whole or in part, because Huawei

is not liable for the acts of others over whom it has no control.

**TWELFTH DEFENSE (Failure to State a Claim)**

64.     Semcon's Complaint fails to state a claim against Huawei upon which relief can

be granted.

**THIRTEENTH DEFENSE (Standing)**

65.     Plaintiff lacks standing to bring this suit to the extent that Plaintiff and/or its

predecessors-in-interest lacked ownership of the Asserted Patents at any relevant time.  In

addition, Plaintiff lacks standing to bring this suit to the extent that Plaintiff lacks all substantial

rights to the Asserted Patents.

## PRAYER FOR RELIEF

Wherefore, Huawei respectfully requests that the Court enter judgment against Semcon and grant Huawei the following relief:

a.      Dismiss the Complaint in its entirety with prejudice, deny all relief requested by Semcon, and find that Semcon takes nothing by its claims against Huawei;

b.      Enter judgment in favor of Huawei, and against Semcon on the Complaint;

c.      Declare that Huawei has not infringed, and is not infringing, directly or indirectly, the '061, '708, '627 and/or '247 patents;

d.      Declare the claims of the '061, '708, '627 and/or '247 patents invalid;

f.      Declare that this is an exceptional case under 35 U.S.C. § 285 and award to Huawei its costs, expenses, and recoverable attorneys' fees; and

g.      Grant Huawei such other and further relief as the Court deems appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Huawei respectfully requests a trial by jury on all issues so triable.

Dated:  March 28, 2017                    Respectfully Submitted,


By:    */s/ Casey H. Kempner*
       _____
       Melissa R. Smith
       GILLAM & SMITH LLP
       303 South Washington Avenue
       Marshall, TX 75670
       Telephone: (903) 934-8450
       Facsimile: (903) 934-9257
       melissa@gillamsmithlaw.com

9

Vincent K. Yip
California Bar No. 170665
Peter J. Wied
California Bar No. 198475
Casey H. Kempner
California Bar No. 272149
LTL ATTORNEYS LLP
300 South Grand Avenue, 14th Floor
Los Angeles, CA 90071
Telephone: (213) 612-8900
Facsimile: (213) 612-3773
vincent.yip@ltlattorneys.com
Peter.wied@ltlattorneys.com
Casey.kempner@ltlattorneys.com

*Counsel for Huawei Defendants*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being serviced with a copy of this **ANSWER,** *via* the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 28[st] day of March 2017.

*/s/ Casey H. Kempner*

Casey H. Kempner

11