**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SEMCON IP INC., § § § Plaintiff, § § v. § § HUAWEI DEVICE USA INC., ET AL., § § Defendants. § | § Case No. 2:16-CV-00437-JRG-RSP § (LEAD CASE) § § § § **JURY TRIAL DEMANDED** § § § |

**PLAINTIFF SEMCON IP INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT
OF NO INVALIDITY OF U.S. PATENT NO. 8,566,627 OVER THE
<u>HITACHI SH-4 HARDWARE MANUAL REFERENCE</u>**

Pursuant to Fed. R. Civ. P. 56, L.R. CV-56, and the Court's Docket Control Order of September 18, 2017 (Dkt. 249), Plaintiff Semcon IP Inc. ("Semcon") respectfully moves the Court for partial summary judgment of no invalidity of U.S. Patent Number 8,566,627 (the "'627 Patent") over the Hitachi SH-4 Hardware Manual ("SH-4 Hardware Manual") asserted by Defendant STMicroelectronics, Inc. ("STI"). Particularly, each and every asserted claim of the '627 Patent is not invalid over the SH-4 Hardware Manual because there is no evidence in the record that the SH-4 Hardware Manual is a prior art printed publication that was publicly accessible before the critical date. Semcon respectfully submits as follows:

**I.   STATEMENT OF UNDISPUTED MATERIAL FACTS**

1.    STI asserts that the SH-4 Hardware Manual is *printed publication*-type prior art. *See* Ex. A[1], Hitachi SH-4 Hardware Manual Preliminary Version 1.1 and 2.0; Ex. B, Defendants'

---

[1] References to Exhibits A–D refer to the exhibits submitted with the Declaration of Peter Lambrianakos in support of this motion and attached hereto.

Preliminary Election of Asserted Prior Art at 3; Ex. C, Tarnay Letter to Lambrianakos dated October 4, 2017.

2. STI asserts that the SH-4 Hardware Manual was published in February 1999. Ex. B, Defendants' Preliminary Election of Asserted Prior Art at 3.

3. STI contends that claims 1, 3, 5, 7, 8, 11, 12, 19, 22, and 27 of the '627 Patent are invalid over the SH-4 Hardware Manual as anticipated or obvious. *See* Ex. D, Corrected Expert Report of David L. Taylor served on October 4, 2017, pp. 532–602.

4. The critical date of the '627 Patent under 35 U.S.C. § 102(b) is January 18, 1999, *i.e.*, one year before January 18, 2000, the effective filing date of the '627 Patent. Dkt. 1-3 at 1; 35 U.S.C. § 102(b).

5. Based on STI's assertion that the SH-4 Hardware Manual was published in February 1999, STI admits that the SH-4 Manual is not prior art under 35 U.S.C. § 102(b).

6. The critical date of the '627 Patent under 35 U.S.C. § 102(a) is January 18, 2000, the effective filing date of the '627 Patent. Dkt. 1-3 at 1; 35 U.S.C. § 102(a).

7. STI has not identified any evidence that the SH-4 Hardware Manual is a printed publication, *i.e.*, was disseminated or otherwise made available to the extent that persons interested and ordinarily skilled in the subject matter or art exercising reasonable diligence can locate it. *See, e.g.*, Ex. D at ¶¶ 417–419, 1145–1332.

8. STI has not identified any evidence that the SH-4 Hardware Manual was published prior to January 18, 2000. *See, e.g.*, Ex. D at ¶¶ 417–419, 1145–1332.

9. The record contains no evidence that the SH-4 Hardware Manual was ever published or disseminated to the public. *See, e.g.*, Ex. D at ¶¶ 417–419, 1145–1332.

10. The record contains no evidence that the SH-4 Hardware Manual was published prior to January 18, 2000. *See, e.g.*, Ex. D at ¶¶ 417–419, 1145–1332.

## II. STATEMENT OF THE ISSUE TO BE DECIDED BY THE COURT

Whether Semcon is entitled to judgment as a matter of law that the '627 Patent is not invalid over the SH-4 Hardware Manual where the record contains no evidence that the SH-4 Hardware Manual was sufficiently accessible to the public before the critical date under 35 U.S.C. § 102(a), January 18, 2000, such that the SH-4 Hardware Manual is a prior art printed publication to the '627 Patent.

## III. LEGAL STANDARD

### A. Prior Art Printed Publication

"A person shall be entitled to a patent unless—(a) the invention was . . . ***described in a printed publication*** in this or a foreign country, ***before the invention thereof by the applicant*** for a patent." 35 U.S.C. § 102(a) (emphasis added). "A person shall be entitled to a patent unless—(b) the invention was patented or ***described in a printed publication*** in this or a foreign country . . . ***more than one year prior to the date of the application for patent*** in the United States . . . ." 35 U.S.C. § 102(b) (emphasis added). To qualify as a prior art printed publication the reference must have been made "sufficiently accessible to the public interested in the art before the critical date." *In re Cronyn*, 890 F.2d 1158, 1160 (Fed. Cir. 1989) (quotations omitted).

Public accessibility must be proven with evidence that the reference "has been disseminated or otherwise made available to the extent that persons interested and ordinarily skilled in the subject matter or art exercising reasonable diligence can locate it." *Bruckelmyer v. Ground Heaters, Inc.*, 445 F.3d 1374, 1378 (Fed. Cir. 2006). "Whether a reference is publicly accessible is determined on a case-by-case basis based on the 'facts and circumstances

3

surrounding the reference's disclosure to members of the public.'" *In re Lister*, 583 F.3d 1307, 1311 (Fed. Cir. 2009) (*quoting In re Klopfenstein*, 380 F.3d 1345, 1350 (Fed. Cir. 2004)). Public accessibility is a legal conclusion based on underlying factual determinations. *Cooper Cameron Corp. v. Kvaerner Oilfield Prods., Inc.*, 291 F.3d 1317, 1321 (Fed. Cir. 2002).

### B. Summary Judgment

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is proper when there is no genuine dispute of material fact, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), viewing any evidence in the light most favorable to the non-movant, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Rule 56 of the Federal Rules of Civil Procedure "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322

## IV. ARGUMENT

No genuine dispute of material fact exists as to whether the SH-4 Hardware Manual was publicly accessible before the critical date of the '627 Patent under 35 U.S.C. § 102(a) or 102(b). STI concedes that the SH-4 Hardware manual was not published before January 18, 1999, the critical date under 35 U.S.C. § 102(b), because STI contends that the SH-4 Hardware Manual was published in February 1999. *See* Ex. B at 3. The evidentiary record is devoid of facts proving that the SH-4 Hardware Manual was published, otherwise disseminated, and/or made accessible to the public before January 18, 2000, the critical date under 35 U.S.C. § 102(a).

4

Thus, even viewing the evidentiary record in the light most favorable to STI, the Court should find that STI has not established that the SH-4 Hardware Manual is prior art.

The record contains no documents and no testimony demonstrating that the SH-4 Hardware Manual was ever published, made accessible to the public, or otherwise disseminated to the public. STI has not submitted any evidence that members of the public retrieved the document before the critical date. Nothing on the face of the document, or in the record, shows that the SH-4 Hardware Manual was made available by any customary search or disseminated in any form. *See generally,* Ex. A. In fact, Mr. Taylor, STI's invalidity expert, failed to point to any evidence in his expert report establishing that the SH-4 Hardware Manual is prior art. *See, e.g.*, Ex. D at ¶¶ 417–419, 1145–1332. Accordingly, there is no genuine dispute of material fact whether the SH-4 Hardware Manual was ever published as of any date, much less before January 18, 2000, the critical date under 35 U.S.C. § 102(a).

This case is indistinguishable from the *ResQNet* case in which the Federal Circuit affirmed a finding of no invalidity based on the record in which "no witness testified, nor was any evidence presented, that either of these documents was ever published or disseminated to the public." *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 865 (Fed. Cir. 2010), *citing ResQNet.com, Inc. v. Lansa, Inc.*, 533 F. Supp. 2d 397, 414 (S.D.N.Y. 2008). In *ResQNet*, the Federal Circuit affirmed that "dates on the documents themselves" and a manual that "bears that date of October 1991 on the first page" is insufficient to show that the document was "published or disseminated to the public" and to show that the documents are printed publications under § 102(b). *Id*. Similarly, the SH-4 Hardware Manual does not state that it has ever been published and contains no mark that suggests public accessibility. *See* Ex. A at PA-0026421(bearing the mark "Rev. 2.0, 02/99, page i of xii" without any mark indicating public

accessibility). The document itself is entitled "Preliminary," implying that the document was in draft form and not in a condition to be published. *Id.* at PA-0026419. In any event, STI bears the burden of demonstrating invalidity, and has presented no evidence that the SH-4 Hardware Manual is a prior art printed publication. Accordingly, Semcon is entitled to partial summary judgment that the '627 Patent is not invalid over the SH-4 Hardware Manual.

## V. CONCLUSION

For the foregoing reasons, Semcon respectfully requests that the Court grant partial summary judgment that claims 1, 3, 5, 7, 8, 11, 12, 19, 22, and 27 of the '627 Patent are not invalid over the SH-4 Hardware Manual. Semcon further requests that the Court preclude STI from raising the reference, and the product associated with the reference, at trial.

Dated: October 9, 2017

Respectfully submitted,

**BROWN RUDNICK LLP**

*/s/ Peter Lambrianakos*

Alfred R. Fabricant
NY Bar No. 2219392
Email: afabricant@brownrudnick.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@brownrudnick.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@brownrudnick.com
Alessandra C. Messing
NY Bar No. 5040019
Email: amessing@brownrudnick.com
Shahar Harel
NY Bar No. 4573192
Email: sharel@brownrudnick.com
John A. Rubino
NY Bar No. 5020797
Email: jrubino@brownrudnick.com
Daniel J. Shea

*Admitted Pro Hac Vice*
Email: dshea@brownrudnick.com
Enrique W. Iturralde
NY Bar No. 5526280
Email: eiturralde@brownrudnick.com

**BROWN RUDNICK LLP**
7 Times Square
New York, NY 10036
Telephone: 212-209-4800
Facsimile: 212-209-4801

Justin Kurt Truelove
Texas Bar No. 24013653
Email: kurt@truelovelawfirm.com
**TRUELOVE LAW FIRM, PLLC**
100 West Houston
Marshall, Texas 75670
Telephone: 903-938-8321
Facsimile: 903-215-8510

**ATTORNEYS FOR PLAINTIFF,
SEMCON IP INC.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on October 9, 2017, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via email.

                                          */s/ Peter Lambrianakos*
                                            Peter Lambrianakos