# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| SEMCON IP INC., | § § § | Case No. 2:16-CV-00437-JRG-RSP (LEAD CASE) |
| Plaintiff, | § § | |
| v. | § § | **JURY TRIAL DEMANDED** |
| HUAWEI DEVICE USA INC., ET AL., | § § § | |
| Defendants. | § | |
| | § | |
| SEMCON IP INC., | § § | Case No. 2:16-CV-00440-JRG-RSP (LEAD CASE) |
| Plaintiff, | § § | |
| v. | § § | **JURY TRIAL DEMANDED** |
| TEXAS INSTRUMENTS INCORPORATED, | § § § § | |
| Defendant. | | |

## PLAINTIFF SEMCON IP INC.'S MOTIONS *IN LIMINE* FOR THE SEMCON IP INC. V. TEXAS INSTRUMENTS INCORPORATED TRIAL

Plaintiff Semcon IP Inc. ("Semcon") hereby submits its Motions *in Limine* to prevent Texas Instruments Incorporated ("TI" or "Defendant") from introducing improper evidence, argument, and characterizations at trial.

**1. MOTION *IN LIMINE* TO PRECLUDE THE USE OF DEROGATORY, DISPARAGING, AND/OR PEJORATIVE REFERENCES ABOUT NON-PRACTICING ENTITIES**

Only terms whose probative value outweighs unfair prejudicial implications should be permitted to be used at trial. *See*, *e.g.*, *Personalized User Model, L.L.P. v. Google Inc*., No. 09-525-LPS, 2014 WL 807736, at *3 (D. Del. Feb. 27, 2014) (granting motion *in limine* to preclude

use of "the term 'patent troll' or other similar pejorative terms"); *Intellectual Ventures I LLC v. Symantec Corp.*, 2015 WL 82052, at *1 (D. Del. Jan. 6, 2015) (holding defendant may not refer to plaintiff as a "patent troll ... as such disparagement is irrelevant"); *Rembrandt Wireless Tech. LP v. Samsung Electronics Co.*, Ltd., No. 2:13-CV-213-JRG-RSP, 2015 WL 627430, at *1 (E.D. Tex. Jan. 31, 2015) (precluding defendants from making derogatory, disparaging, and/or pejorative references to plaintiff, including "patent troll" or other similar terms).   Accordingly, Semcon moves for an order precluding TI from making prejudicial statements at trial about Semcon IP Inc., Jon C. Scahill, Quest Patent Research Corporation, and Intellectual Ventures as non-practicing entities.    Non-exhaustive examples of such references include the terms (1) "patent troll," (2) "pirate," (3) "patent assertion entity," (4) "non-practicing entity," (5) "NPE," (6) "shell corporation," (7) "privateer," (8) "bounty hunter," (9) "bandit," (10) "paper patent," (11) "stick up," (12) "shakedown," (13) "playing the lawsuit lottery," (14) "corporate shell game," (15) "company that doesn't make anything," (16) "company that doesn't sell anything," (17) "company that doesn't do anything," (18) "toll collector," (19) "being in the business of filing lawsuits," (20) "engaging in a litigation based licensing program," (21) "litigious," or any other suggestion that it is inappropriate for Semcon to bring its patent claims in Court.

## 2.    MOTION *IN LIMINE* TO PRECLUDE  DISPARAGING THE UNITED STATES PATENT AND TRADEMARK OFFICE

Semcon moves for an order preventing TI from disparaging the United States Patent and Trademark Office ("PTO"), suggesting that the PTO is prone to error, not diligent, or not competent, and from arguing that the U.S. patent system is flawed and requires reform. Generalized, unsupported indictments of the PTO and the patent system are irrelevant, serve no legitimate purpose at trial, confuse juries, are highly prejudicial, and should be excluded.   *DNT,*

*LLC v. Sprint Spectrum, LP*, 2010 WL 582164, *4 (E.D. Va. Feb. 12, 2010) (excluding from trial as inappropriate, anything tending to disparage the patent and trademark office "which the court took to mean either a negative, direct, or individualized attack on the patent examiner, performance, or a generalized attack on the entire PTO*."); Bright Response, LLC v. Google Inc.*, C.A. No. 2:07-CV-371-CE, 2010 WL 11057072, at *1 (E.D. Tex. Jul. 30, 2010) (". . . defendants may not speculate about the time spent reviewing the '947 patent's application or discuss the average time the PTO spends reviewing patent applications.  Further, the parties may not state or imply the PTO examiners were incompetent."); *EZ Dock, Inc. v. Schafer Sys.*, Inc.,  Civ. No. 98-2364, 2003 WL 1610781, at *13 (D. Minn. Mar. 8, 2003) ("As for assertions that the PTO and its examiners are not diligent or are prone to error, the Court can find no relevance in either evidence to that effect or argument."); *Tap Phar. Prods., Inc. v. Owl Pharms., LLC*, No. 1:99-CV-2715, 2003 WL 25695241, at *1 (N.D. Ohio Feb. 18, 2003) ("Testimony . . . about the relative shortage of patent examiners at the PTO is inadmissible.  The only purpose such testimony would serve would be to undermine the presumption of validity about the patents -in-suit.") (internal citation omitted); *Bausch & Lomb, Inc. v. Alcon Labs.*, Inc., 79 F. Supp. 2d 252, 255–56 (W.D.N.Y. 2000) (the only purpose served by offering disparaging evidence about the PTO is to "invit[e] the jury to speculate about the possible defects, errors or omissions in the application process that led to the patent[s]-in-suit," thereby undermining the patents' presumption of validity; "generalized testimony about 'problems' in the PTO is not admissible"); Fed. R. Evid. 401, 402, 403.

3.     **MOTION *IN LIMINE* TO PRECLUDE TEXAS INSTRUMENTS FROM INTRODUCING OR REFERENCING THE COURT'S REASONING OR STATEMENTS FROM THE CLAIM CONSTRUCTION ORDER**

Plaintiff moves for an order precluding TI from introducing any argument, references, evidence, testimony (including expert testimony), or eliciting any testimony concerning the text of the Court's Claim Construction Memorandum Opinion and Order (Dkt. No. 172), other than the formal claim constructions as set forth by the Court in Dkt. No. 172.  Claim construction is matter of law for the Court.  *Markman v. Westview Instruments, Inc*., 517 U.S. 370, 390-91 (1996).  The Court's order prohibits "expressly refer[ring] to any portion of this Order that is not an actual construction adopted by the Court."  (Dkt. 172 at 50.)

4.     **MOTION *IN LIMINE* TO PRECLUDE TEXAS INSTRUMENTS FROM REFERENCING PENDING INTER PARTES REVIEW PROCEEDINGS OR SUCCESS RATES OF SUCH PROCEEDINGS**

Plaintiff moves for an order precluding TI from introducing any argument, reference, evidence, testimony (including expert testimony), or eliciting any testimony concerning (1)pending but not yet instituted IPRs filed by TI or other defendants to the consolidated cases, (2) the percentages of patents that are invalidated in re-exams or *inter partes* review, or (3) the quality of the USPTO's examination process.  The mention of pending IPRs would be prejudicial because a jury would be influenced by the existence of the pending proceedings when making its own validity determination.  *See Callaway Golf Co. v. Acushnet Co.*, 576 F.3d 1331, 1342 (Fed. Cir. 2009) ("The non-final re-examination determinations were of little relevance to the jury's independent deliberations of the factual issues underlying the question of obviousness.  In contrast, the risk of jury confusion if evidence of the non-final PTAB proceedings were introduced was high.")  Telling the jury that the patent has been called into question by the PTAB may influence the jury's application of the presumption of validity and the prejudicial potential of this evidence substantially outweighs any probative value it may have.  Fed R. Evid.

403.  *See also Ivera Medical Corp. v. Hospira*, No. 14-cv-1345-H-RBB, 2015 WL 11529819, at *1 (S. D. Cal. July 21, 2015).

Statements regarding the percentages of patents that are invalidated in reexamination or *inter partes* review or the quality of the USPTO's examination process are irrelevant and unfairly prejudicial or distracting from the relevant standard.  *See Applied Material, Inc. v. Advanced Semiconductor Materials Am., Inc.*, 1995 WL 261507, at *3 (N.D. Cal. Apr. 25, 1995) (finding irrelevant and inappropriate testimony about "overwork, quotas, awards or promotions at the Patent Office . . . or insinuations that the Patent Office does not do its job properly").  The law mandates that patents are presumed valid, but may be found invalid if proved by clear and convincing evidence.  35 U.S.C. § 282; *Newell Cos., Inc. v. Kenney Mfg. Co.*, 864 F. 2d 757, 782 (Fed. Cir. 1988).  Accordingly, TI should be precluded from mentioning any pending IPRs and from otherwise commenting on the success rates of PTO proceedings or the quality of the examination process.

**5.    MOTION *IN LIMINE* TO PRECLUDE TEXAS INSTRUMENTS FROM INTRODUCING EVIDENCE OR TESTIMONY REGARDING UNRELATED LITIGATIONS INCLUDING SETTLEMENT AMOUNTS**

Plaintiff moves for an order precluding TI from introducing any argument, reference, evidence, suggestion, testimony (including expert testimony), or elicitation of any testimony related to the litigations that Semcon's affiliate company Mariner IC Inc. ("Mariner") has been involved in, including the amounts for which Mariner has settled any prior litigations.  The prior cases that Mariner filed involved different patents than those asserted in this case.  Such evidence would only serve to confuse and mislead the jury and is entirely irrelevant to the issues in the present lawsuit.  Such evidence has no probative value and serves no legitimate purpose.  Accordingly, testimony, evidence, argument, and reference to this subject should be excluded as unfairly prejudicial and tending to mislead and confuse the jury into resolving this case based on

factors other than the evidence and the law.  *See* Fed. R. Evid. 402, 403, 408; *See Retractable Techs*., *Inc. v. Beckton*, *Dickinson* & *Co*., 2009 WL 8725107, at *2 (E.D. Tex. Oct. 8, 2009) ("On balance, evidence of other litigation offered to prove Defendant's liability or the extent of damages should be excluded pursuant to at least Federal Rules of Evidence 403, 404, and 408.") (internal citations omitted).

6.   **MOTION *IN LIMINE* TO PRECLUDE TEXAS INSTRUMENTS FROM INTRODUCING TESTIMONY, EVIDENCE, OR ARGUMENT RELATED TO LITIGATION FUNDING**

Plaintiff moves for an order precluding TI from introducing any argument, reference, evidence, suggestion, testimony (including expert testimony), or elicitation of any testimony regarding litigation funding, fees incurred by either party, the retention/fee agreements of any party's counsel in this case, and any fees obtained or potentially obtained by counsel as a result of this case.   Fed. R. Evid. 401, 402, 403; *CardSoft*, *Inc. v. Verifone Sys*., *Inc*., No. 2:08CV00098, 2012 WL 1995302, at *1 (E.D. Tex. Jun. 4, 2012) (Payne, J.) (preventing introduction of evidence, testimony, or reference to attorneys representing plaintiff on a contingent-fee basis).   Introduction of such evidence is irrelevant and would be unfairly prejudicial.  *See Rembrandt Wireless v. Samsung Elec*., No. 2:13-cv-0213, 2015 WL 627430, at *2 (E.D. Tex. Jan. 31, 2015) (Payne, J.) (granting similar MIL).

7.   **MOTION *IN LIMINE* TO PRECLUDE TEXAS INSTRUMENTS FROM INTRODUCING TESTIMONY, EVIDENCE, OR ARGUMENT RELATED TO OTHER CONSOLIDATED DEFENDANTS OR POTENTIAL TARGETS FOR LITIGATION**

Plaintiff moves for an order precluding TI from introducing any argument, reference, evidence, suggestion, testimony (including expert testimony), or elicitation of any testimony for the purpose of showing that Semcon sued or did not sue any other parties, the number of entities Semcon did or did not sue, or which entities Semcon did or did not sue on the patents-in-suit.

Such statements are irrelevant, would be unfairly prejudicial to Semcon, and would mislead the jury into resolving this case based on factors other than the evidence and the law.  See Fed. R. Evid. 402, 403.

8.      **MOTION *IN LIMINE* TO PRECLUDE TEXAS INSTRUMENTS FROM INTRODUCING TESTIMONY OR EVIDENCE RELATED TO QUEST OR SEMCON'S FINANCES**

Plaintiff moves for an order precluding TI from introducing any argument, reference, evidence, suggestion, testimony (including expert testimony), or elicitation of any testimony regarding Plaintiff's finances, or the finances of its parent company, predecessors-in-interest, or related entities.   Testimony, evidence, and argument regarding Plaintiff's financial condition (such as the revenues, expenses, profits, losses, assets, liabilities, and stockholders' equity of Semcon or its affiliated companies), other than a financial valuation of the asserted patents, are irrelevant and should be prohibited under Federal Rules of Evidence 401 and 402.   Such evidence should also be excluded under Federal Rule of Evidence 403, as any relevance would be substantially outweighed by the dangers of misleading and confusing the jury, and of unfair prejudice to Semcon.

9.      **MOTION *IN LIMINE* TO PRECLUDE TEXAS INSTRUMENTS FROM INTRODUCING TESTIMONY OR EVIDENCE THAT UNITED WIRELESS FINANCED THE ACQUISITION OF THE ASSERTED PATENTS**

Plaintiff moves for an order precluding TI from introducing any argument, reference, evidence, suggestion, testimony (including expert testimony), or elicitation of any testimony regarding the fact that United Wireless Holdings Inc. provided Semcon's parent company, Quest Patent Research Corporation, with financing to acquire a patent portfolio that includes the asserted patents.  Such evidence and argument is irrelevant and would only serve to mislead or confuse the jury and prejudice Semcon.  Fed. R. Evid. 402, 403.

10. **MOTION *IN LIMINE* TO PRECLUDE TEXAS INSTRUMENTS FROM INTRODUCING TESTIMONY OR EVIDENCE RELATED TO QUEST OR SEMCON'S INTELLECTUAL PROPERTY MONETIZATION OR LITIGATION EFFORTS UNRELATED TO THE CURRENT LAWSUIT**

Plaintiff moves for an order precluding TI from introducing any argument, reference, evidence, suggestion, testimony (including expert testimony), or elicitation of any testimony regarding Quest Patent Research Corporation's or Semcon's efforts to monetize patents or engage in litigation other than the present lawsuit.  Such evidence and argument has no bearing on the claims and defenses in this case.  Accordingly, it has no probative value and would only serve to confuse the jury and prejudice Semcon.  Fed. R. Evid. 402, 403.

11. **MOTION *IN LIMINE* TO PRECLUDE TEXAS INSTRUMENTS FROM INTRODUCING TESTIMONY OR EVIDENCE OF QUEST OR SEMCON'S BUSINESS DEALINGS WITH INTELLECTUAL VENTURES UNRELATED TO THE CURRENT LAWSUIT**

Plaintiff moves for an order precluding TI from introducing any argument, reference, evidence, suggestion, testimony (including expert testimony), or elicitation of any testimony regarding business dealings between Quest Patent Research Corporation or Semcon and Intellectual Ventures except for the transaction that resulted in the acquisition of the patents-in-suit.  Such evidence and argument has no bearing on the claims and defenses in this case. Accordingly, it has no probative value and would only serve to mislead or confuse the jury and prejudice Semcon.  Fed. R. Evid. 402, 403.

12. **MOTION *IN LIMINE* TO PRECLUDE TEXAS INSTRUMENTS FROM INTRODUCING TESTIMONY OR EVIDENCE REGARDING DUE DILIGENCE ASSOCIATED WITH THE ACQUISITION OF THE ASSERTED PATENTS OR SEMCON'S PRESUIT INVESTIGATION**

Plaintiff moves for an order precluding TI from introducing any argument, reference, evidence, suggestion, testimony (including expert testimony), or elicitation of any testimony regarding Semcon's pre-suit investigation or due diligence associated with the acquisition of the

asserted patents conducted by Quest Patent Research Corporation.  These subjects have no bearing on any issue before the jury in this trial and any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 401, 402, 403.

13.   **MOTION *IN LIMINE* TO PRECLUDE TEXAS INSTRUMENTS FROM INTRODUCING THE TESTIMONY OF JON SCAHILL BY DEPOSITION DESIGNATION**

Semcon requests that TI be precluded from introducing the testimony of Semcon's CEO, Jon Scahill, by deposition designation.  Plaintiff has identified Mr. Scahill on its Initial Witness List Designations served October 24, 2017.  TI has not and cannot establish the unavailability of this witness within the meaning of Fed. R. Civ. P. 32(a)(4) and Fed. R. Evid. 804(a)(5).

As a result, Mr. Scahill is available and TI should not be permitted to put his testimony into the record by deposition designation.  Rather, if TI wishes to make use of Mr. Scahill's testimony, TI should examine Mr. Scahill at trial.  If Semcon declines to call Mr. Scahill live, pursuant to Federal Rule of Civil Procedure 32(a)(3), TI may introduce the testimony of this witness as admissions of Semcon.  *See* Fed. R. Civ. P. 32(a)(3) and Fed. R. Evid. 801(d)(2).

14.   **MOTION *IN LIMINE* TO PRECLUDE TEXAS INSTRUMENTS FROM INTRODUCING TESTIMONY OR EVIDENCE REGARDING THE FAMILIAL RELATIONSHIP BETWEEN LEAD COUNSEL AND SEMCON'S CEO**

Plaintiff moves for an order precluding TI from introducing any argument, reference, evidence, suggestion, testimony (including expert testimony), or elicitation of any testimony regarding the familial relationship between Semcon's lead counsel, Alfred Fabricant, and Semcon's CEO, Jon Scahill.  Such evidence and argument has no bearing on the claims and defenses in this case.  Accordingly, it has no probative value and would only serve to mislead or confuse the jury and prejudice Semcon.  Fed. R. Evid. 402, 403.

**15. MOTION *IN LIMINE* TO PRECLUDE TEXAS INSTRUMENTS FROM INTRODUCING TESTIMONY, EVIDENCE, OR ARGUMENT RELATED TO DISCOVERY DISPUTES, DEFICIENCIES, OR OBLIGATIONS**

The discovery disputes in this case have no bearing on the issues to be decided by the jury; thus, such evidence is irrelevant, would be unduly prejudicial to Semcon, and would be distracting to the jury.  TI should also be precluded from arguing that Semcon should have conducted any specific type of discovery in this case, such as to conduct third-party discovery.

Fed. R. Evid. 401, 402, 403.

**16. MOTION *IN LIMINE* TO PRECLUDE ANY REFERENCES, EVIDENCE, SUGGESTION, TESTIMONY OR ELICIATION OF ANY TESTIMONY BY TEXAS INSTRUMENTS COMPARING ANY ACCUSED PRODUCT TO ANY PURPORTED PRIOR ART DEVICE, A PRIOR ART PATENT, OR ANY OTHER PRIOR ART**

TI should be precluded from any reference, evidence, suggestion, testimony, or elicitation of any testimony comparing any accused product or alleged commercial embodiment to any purported prior art device, a prior art patent, or any other prior art.  It is a fundamental tenet of United States patent law that the claims of a patent, not an accused product, are to be compared to the prior art when analyzing validity. Accordingly, any purported defense of "practicing the prior art" is not a legitimate defense under United States patent law:

> Our law requires patent challengers to prove invalidity by clear and convincing evidence. Where an accused infringer is clearly practicing only that which was  in the prior art, and nothing more, and the patentee's proffered construction reads on the accused device, meeting this burden of proof should not prove difficult. **Nevertheless, accused infringers are not free to flout the requirement of proving invalidity by clear and convincing evidence by asserting a 'practicing prior art' defense to literal infringement under the less stringent preponderance of the evidence standard.** Likewise, mere proof that the prior art is identical, in all material respects, to an allegedly infringing product cannot constitute clear and convincing evidence of invalidity. Anticipation requires a showing that each element of the claim at issue, properly construed, is found in a single prior art reference. [I]t is the presence of the prior art and its relationship to the claim language that matters for invalidity.

*Zenith Elecs. Corp. v. PDI Comm. Sys.*, 522 F.3d 1348, 1363 (Fed. Cir. 2008) (citing *Tate Access Floors, Inc. v Interface Architectural Resources, Inc.*, 279 F. 3d 1357, 1367 (Fed. Cir. 2002)) (emphasis added).

Such references have no relevance to any claim or defense in this case.  Fed. R. Evid. 402.  If relevant and/or admissible, the probative value of any such matter would be greatly outweighed by the danger of unfair prejudice, confusion of the issues, and/or misleading the jury. Fed. R. Evid. 403.

**17.    MOTION *IN LIMINE* TO PRECLUDE ANY REFERENCES, EVIDENCE, SUGGESTION, TESTIMONY, OR ELICITATION OF ANY TESTIMONY BY TEXAS INSTRUMENTS REGARDING THE ALLEGED PRIOR INVENTION OF THE INVENTIONS OF THE ASSERTED CLAIMS**

TI should be precluded from any reference, evidence, suggestion, testimony (including expert testimony), or elicitation of any testimony about any alleged prior invention or prior use by TI of the inventions claimed in the asserted patents.  TI has not pled an affirmative defense of prior invention, and TI's invalidity arguments are limited to anticipation under Section 102 and obviousness under Section 103.  It would be unfair and highly prejudicial to Semcon, if TI were to assert prior invention at trial for the first time.  Further, any testimony regarding prior invention or prior use of the claimed inventions would contravene black letter law prohibiting uncorroborated testimonial evidence of invalidity.  *Finnigan Corp. v. Int'l Trade Comm'n*, 180 F.3d 1354, 1366–670 (Fed. Cir. 1999) ("The law has long looked with disfavor upon invalidating patents on the basis of mere testimonial evidence absent other evidence that corroborates that testimony."); *MGM Well Services, Inc. v. Mega Lift Sys., LLC*, 534 F. Supp. 2d 705, 715 (S.D. Tex. 2007) ("testimony regarding invalidating activities must be corroborated by reliable evidence preferably in the form of contemporaneous physical records") (*citing Juicy Whip, Inc. v. Orange Bang, Inc.*, 292 F.3d 728, 742–743 (Fed. Cir. 2002)).

11

18.   **MOTION** *IN LIMINE* **TO PRECLUDE ANY REFERENCE, EVIDENCE, SUGGESTION, TESTIMONY, OR ELICITATION OF ANY TESTIMONY BY TEXAS INSTRUMENTS REGARDING SEMCON'S ELECTION OF PATENT CLAIMS TO STREAMLINE THIS LITIGATION**

TI should be precluded from any reference, evidence, suggestion, testimony, or elicitation of any testimony regarding Plaintiff's election to streamline this litigation for ease of presentation to the jury, or in light of the Court's time limits for trial, by dismissing any patents or claims, including U.S. Patent No. 5,987,876, prior to or during trial.  The fact that Plaintiff may elect to simplify the issues and evidence to be presented to the jury has no impact on whether TI infringes any remaining claim and is, therefore, irrelevant.  Fed. R. Evid. 402, 403.

19.   **MOTION** *IN LIMINE* **TO PRECLUDE ANY REFERENCE, EVIDENCE, SUGGESTION, TESTIMONY, OR ELICITATION OF ANY TESTIMONY BY TEXAS INSTRUCTIONS THAT PLAINTIFF ENGAGED IN "FORUM SHOPPING" OR "LITIGATION ABUSE," OR THAT THIS DISTRICT IS A POPULAR VENUE FOR PATENT HOLDERS**

Semcon requests that TI be precluded from any reference, evidence, suggestion, testimony, or elicitation of any testimony alleging that Semcon engaged in "forum shopping" or "litigation abuse," or that the Eastern District of Texas is a popular venue for patent holders. Any allegations of forum shopping or litigation abuse constitute irrelevant posturing and, if conveyed to the jury, are baseless accusations intended to paint Plaintiff as a bad actor.  Because those assertions are irrelevant and prejudicial, TI should be ordered to refrain from making any such allegations in front of the jury.  Any reference to forum shopping, motivations to file in the Eastern District of Texas, litigation abuse, or similar allegations should be excluded under Fed. R. Evid. 402 and 403.  In addition, any reference to the fact that the Eastern District of Texas is a popular venue for patent folders would be unduly prejudicial and would be distracting to the jury.

20.    **MOTION *IN LIMINE* TO PRECLUDE ANY REFERENCE, EVIDENCE, SUGGESTION, TESTIMONY OR ELICITATION OF ANY TESTIMONY REGARDING WHETHER AN EXPERT HAS BEEN EXCLUDED IN A PRIOR CASE**

Semcon requests that TI be precluded from any reference, evidence, suggestion, testimony, or elicitation of any testimony about whether any party's hired experts have had testimony challenged or excluded in any other case.  Reviewing past opinion-testimony from any expert, including any determinations made by a judge or jury on that expert's past opinions, has no bearing on the merits of this case or of any expert's opinion in this particular case.  Fed. R. Evid. 401, 402, 703.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motions *in Limine* should be granted

Dated: November 14, 2017

Respectfully submitted,

**BROWN RUDNICK LLP**

*/s/ Alfred R. Fabricant*

Alfred R. Fabricant
NY Bar No. 2219392
Email: afabricant@brownrudnick.com
Lawrence C. Drucker
NY Bar No. 2303089
Email: ldrucker@brownrudnick.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@brownrudnick.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@brownrudnick.com
Alessandra C. Messing
NY Bar No. 5040019
Email: amessing@brownrudnick.com
Shahar Harel
NY Bar No. 4573192
Email:  sharel@brownrudnick.com
John A. Rubino
NY Bar No. 5020797

Email: jrubino@brownrudnick.com
Daniel J. Shea
*Admitted Pro Hac Vice*
Email: dshea@brownrudnick.com
Enrique W. Iturralde
NY Bar No. 5526280
Email: eiturralde@brownrudnick.com
**BROWN RUDNICK LLP**
7 Times Square
New York, NY 10036
Telephone: 212-209-4800
Facsimile: 212-209-4801

Justin Kurt Truelove
Texas Bar No. 24013653
Email: kurt@truelovelawfirm.com
**TRUELOVE LAW FIRM, PLLC**
100 West Houston
Marshall, Texas 75670
Telephone: 903-938-8321
Facsimile: 903-215-8510

**ATTORNEYS FOR PLAINTIFF,
SEMCON IP INC.**

## <u>CERTIFICATE OF CONFERENCE</u>

This is to certify that counsel for Plaintiff Semcon IP Inc. met and conferred with counsel for Defendant Texas Instruments Incorporated in compliance with LR CV-7(h) in regard to its motions *in Limine*.  While the parties have reached an impasse, the parties have agreed to meet and confer again prior to the deadline for responses to motions *in limine* in order to attempt to come to an agreement regarding certain of the parties' respective motions.

*/s/      Alfred R. Fabricant*
Alfred R. Fabricant

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on November 14, 2017, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Alfred R. Fabricant*

Alfred R. Fabricant