# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| SEMCON IP INC., | § § | |
| *Plaintiff*, | § § | Case No. 2:16-cv-00437-JRG-RSP (Lead) |
| v. | § § | Case No. 2:16-cv-00438-JRG-RSP (Member) |
| MEDIATEK INC., MEDIATEK USA INC., | § § § | |
| *Defendants*. | § § | |
| STMICROELECTRONICS INC., STMICROELECTRONICS N.V., | § § § | Case No. 2:16-cv-00439-JRG-RSP (Member) |
| *Defendants*. | § § | |
| ZTE CORPORATION, ZTE (USA), INC., ZTE (TX), INC., | § § § | Case No. 2:16-cv-00441-JRG-RSP (Member) |
| *Defendants*. | § § | |

## ORDER

Defendants move to exclude the testimony of Semcon's damages expert, Mr. Walter Bratic, under Federal Rules of Evidence 702, 703, and *Daubert*. *See* Dkt. Nos. 300, 313, 314, and 317. Defendants' motions are denied for the following reasons.

## DISCUSSION

When evaluating a party's challenge to an opponent's expert witness, the Court assumes the role of gatekeeper to ensure the reliability and relevance of the expert's testimony. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999). Rule 702 guides the inquiry, specifying that a qualified expert may testify as long as his opinion will aid the fact finder and is reliable, i.e., the opinion must stand on sufficient data,

1

reliable methods, and the facts of the case. *See Daubert*, 509 U.S. at 590; Fed. R. Evid. 702(a)-(d); *see also Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391 (Fed. Cir. 2003) ("In 2000, Rule 702 was amended in response to *Daubert* and cases applying it.").

After concluding that certain patent-sale agreements are not probative of a reasonable royalty for the patents-in-suit, Mr. Bratic identifies four licenses that he contends are comparable. The four agreements involve licenses to patents formerly owned by Transmeta, Semcon's predecessor, and NEC, Fujitsu, Sony, and Toshiba. *See* Bratic Rep. ¶ 192, Dkt. No. 300-1. These agreements, according to Mr. Bratic, are technically comparable and would have led the parties to agree to a royalty rate for the patents-in-suit ranging from about $0.10 to $2.00 per accused chip. *See id.* ¶ 8.

Defendants argue that Mr. Bratic's opinion is unreliable for two reasons. First, Mr. Bratic fails to take into account the significant differences between the Transmeta agreements and the technology covered by the patents-in-suit. *See, e.g.*, Dkt. No. 300 at 7. Second, Mr. Bratic improperly inflates the royalty base by equating a chip's package size with its actual size. *See id.* As for the comparability issue, Defendants argue that the Transmeta agreements involved broad licenses to all of Transmeta's relevant intellectual property, including worldwide patents and patent applications, mask work rights, copyrights, trade secrets, and know-how. *Id.* at 8. The Transmeta patent license involved more than 100 patents covering improved technology ("LongRun2" technology), relative to that covered by the patents-in-suit, inasmuch as the Transmeta patents addressed the problem of power leakage, a problem not addressed by the patents-in-suit. *See id.* Mr. Bratic, they contend, nevertheless applied the royalty rate from these agreements, without any downward adjustment, to arrive at a royalty rate for the (four) patents-in-suit.

Semcon responds that differences between the Transmeta agreements and a hypothetical license to the patents-in-suit were properly taken into account. See, e.g., Dkt. No. 551 at 3. Mr. Bratic subtracted very substantial technology transfer, maintenance, and support payments, for example, in addition to excluding royalties as a percentage of the licensee's net sales. *Id*.

The Federal Circuit has "cautioned that 'district courts performing reasonable royalty calculations [must] exercise vigilance when considering past licenses to technologies *other* than the patent in suit,' and 'must account for differences in the technologies and economic circumstances of the contracting parties.'" *Virnetx, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1330 (Fed. Cir. 2014) (quoting *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 869 (Fed. Cir. 2010); *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1211 (Fed. Cir. 2010)). Whether Mr. Bratic's adjustments sufficiently account for the differences in the licensed technology is a question properly determined by the jury. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993).

Defendants' second objection relates to the manner in which Mr. Bratic translated the Transmeta per-wafer royalty rate to a per-chip royalty rate for the patents-in-suit. *See, e.g.*, Dkt. No. 300 at 7. The Transmeta agreements all involved per-wafer royalty rates, and a wafer can be used to produce many chips. *See id.* at 12. Mr. Bratic details in his report how he calculated the conversion of per-wafer royalties to per-chip royalties. ¶¶268-277 (Dkt. No. 551-2 at 66-70). Defendants contend through Mr. Bakewell's report that Bratic's conversion calculation is erroneous.

Defendants' objection regarding Mr. Bratic's calculation is more of a factual dispute than a *Daubert* issue. Mr. Bratic relied on Dr. Carbonell's infringement opinion to conclude that chip size and package size were similar at the time of the hypothetical negotiation. *See, e.g.* Dkt. No. 410 at 5. Defendants' objection is one for the jury to consider. *See Daubert*, 509 U.S. at 596. Finally, the Court has considered the Defendants' remaining objections and finds that these objections are not sufficient to strike Mr. Bratic's report.

* * *

Accordingly, it is ORDERED:

(1) STMicroelectronics' motion to strike, Dkt. No. 300, is denied.

(2) ZTE's motion to exclude, Dkt. No. 313, is denied.

(3) MediaTek's motion to strike, Dkt. No. 314, is denied.

(4) MediaTek's motion to strike, Dkt. No. 317, is denied.

**SIGNED this 7th day of March, 2018.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE