**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SEMCON IP INC., § | |
| § | Case No. 2:16-cv-00437-JRG-RSP (Lead) |
| v. § | |
| § | Case No. 2:16-cv-00438-JRG-RSP (Member) |
| MEDIATEK INC., MEDIATEK USA INC. § | |

**ORDER**

Semcon and MediaTek have informed the court that all claims have been resolved and that a settlement in principle has been reached. *See* Dkt. No. 609. Accordingly, it is ordered:

(1) The parties' joint motion to stay deadlines, Dkt. No. 609, is granted.

(2) The case is stayed until April 18, 2018.

(3) If dismisssal papers have not been filed by midnight, April 17, lead and local counsel must appear for a show cause hearing at 9:00 a.m. on April 18.[1]

(4) If the parties file a notice or stipulation of dismissal instead of a motion to dismiss, the parties must notify the court by email to clint_south@txed.uscourts.gov.

(5) The motions pending at the following docket entries are denied as moot (without prejudice): Dkt. Nos. 306, 307, 309, 315, 319, and 525.

**So ordered and signed**
Mar 19, 2018

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[1] Lack of payment by a defendant does not constitute adequate grounds for delaying dismissal papers or continuing the show cause hearing. Nor does a settlement agreement that conditions dismissal on payment. The Court may address lack of payment by retaining jurisdiction to enforce the settlement agreement, provided the parties' proposed dismissal order contains a provision to that effect. *See Hosp. House, Inc. v. Gilbert*, 298 F.3d 424, 431 (5th Cir. 2002) ("a district court has ancillary jurisdiction to enforce a settlement agreement only if the court makes the agreement part of its dismissal order").